KRISTIAN BECKETT (ISB #8731)
FRANK SCHREIBER (ISB# 10197)
BECKETT LAW FIRM
PO BOX 4
KUNA, IDAHO 83634
Phone: (208) 899-9095
Fax: (425) 222-2215
kristian@beckettlegal.com
frank@beckettlegal.com
*Attorneys for Petitioner*

LYNDON P. NGUYEN (ISB #8467)
NGUYEN LAW, PLLC
455 E Danika Ln
Garden City, Idaho 83714
Phone: (208) 914-5137
lyndonlegal@gmail.com
*Attorneys for Petitioner*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
**Southern Division**

| | |
|---|---|
| S.B. a parent of a child with a disability<br><br>                        Plaintiff,<br><br>v.<br><br>BUHL JOINT SCHOOL DISTRICT NO. 412<br><br>                        Defendant. | Case No.<br><br>COMPLAINT FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 20 U.S.C. §1415(i)(3)(A) |

      Plaintiff, S.B., a parent of a child with a disability, by and through her counsel of record, Kristian Beckett, Beckett Law Firm, and Lyndon Nguyen, Nguyen Law PLLC, do hereby file this petition and complaint for an order granting attorneys' fees and costs as the prevailing party against the Defendant for denying the Student-D.H. a free and appropriate public education

**COMPLAINT - 1**

(FAPE) under the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. §1400 *et. seq*.

## JURISDICTION & VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. This court has jurisdiction to award attorneys' fees and costs, irrespective of the amount in controversy, pursuant to 20 U.S.C. §1415(i)(3)(A).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

4. The acts or omissions subject to this complaint occurred in Buhl, Twin Falls County, Idaho.

## PARTIES

5. Plaintiff, S.B., at all times material hereto was a residents of Twin Falls County, Idaho.

6. Defendant, Buhl Joint School District No. 412 (the "District"), at material hereto were residents of Twin Falls County, Idaho.

## FACTS

7. Plaintiff S.B., is the Parent of D.H., a student with a disability who is eligible for special education and related services under the IDEA and its implementing regulations.

8. D.H. is eligible for special education and related services under the IDEA and its implementing regulations, including Idaho Code and Idaho Administrative Procedures Act or Idaho Administrative Code under the disability category of Autism Spectrum Disorder (ASD). 20 U.S.C. § 1401(3) (2014).

9. D.H. is eligible for special education and related services under the IDEA and its implementing regulations including Idaho Code and Idaho Administrative Procedures Act or

Idaho Administrative Code for the diagnoses of attention-deficit/hyperactivity disorder (ADHD),

10. D.H. is eligible for special education and related services under the IDEA and its implementing regulations including Idaho Code and Idaho Administrative Procedures Act or Idaho Administrative Code for the diagnoses of disruptive mood dysregulation disorder,

11. D.H. is eligible for special education and related services under the IDEA and its implementing regulations including Idaho Code and Idaho Administrative Procedures Act or Idaho Administrative Code for the diagnoses of emotional disturbance (ED),

12. D.H. is eligible for special education and related services under the IDEA and its implementing regulations including Idaho Code and Idaho Administrative Procedures Act or Idaho Administrative Code for the diagnoses of oppositional defiant disorder (ODD), which often manifests through cognitive delay and impulsivity.

13. D.H. was initially determined to be eligible for special education under the disability category of Intellectual Disability (ID) upon entering Kindergarten.

14. At all relevant times, the District was the Local Education Agency (LEA) legally responsible for providing the Student with a free appropriate public education, in compliance with the IDEA and its implementing regulations.

15. On December 17, 2024, Plaintiff's filed a request for an IDEA due process hearing (Due Process Complaint) with the Idaho State Superintendent of Public Instruction and the Idaho State Department of Education (SDE) through the Special Education Department – Dispute Resolution, against the District.

16. Plaintiff's Due Process Complaint alleged the District substantively denied the Student educational opportunities and a free and appropriate public education (FAPE) as

required under the IDEA, by trespassing Student from school without due process and not providing Student with any education.

17. The Dispute Resolution Office for the Idaho SDE assigned administrative Hearing Officer Courtney Wucetich to preside over the due process hearing to address the Parent's Due Process Hearing Complaint (SDE No. H-24-12-17b).

18. Plaintiffs claims is the final due process hearing request in a series of six successive complaints related to the denial of FAPE for D.H.

19. All six proceedings were considered for the ultimate decision in SDE No. H-24-12-17b and all were made part of the record in the decision.

20. The due process hearing took place on April 14-16, 2025.

21. Hearing Officer Wucetich issued a decision and order on July 26, 2025 in favor of Petitioners.

22. Plaintiffs are the prevailing party in the underlying administrative IDEA due process hearing.

## FIRST CLAIM FOR RELIEF – ATTORNEYS' FEES

23. All preceding paragraphs are hereby renewed and incorporated herein by reference.

24. The IDEA and its implementing regulations provide for an award of attorneys' fees to a parent of a child with a disability who is a prevailing party in an IDEA due process hearing. 20 U.S.C. § 1415(i)(3)(B)(i)(I) (2014); 34 CFR § 300.517.

25. Plaintiffs prevailed in SDE No. H-24-12-17b when Hearing Officer Wucetich issued an order deciding that the D.H. was denied FAPE and was therefore entitled to compensatory educational services.

COMPLAINT - 4

26. Plaintiff are entitled to an award of reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement against Defendants as follows:

A. Reasonable attorneys' fees and costs incurred in pursuing the claims set forth under SDE No. H-24-12-17b;

B. Reasonable attorneys' fees and costs incurred in bringing this action to recover attorney's fees and costs as the prevailing party.

C. For prejudgment interest and post-judgement interest according to law; and

D. For such other and further relief as the Court deems proper under the circumstances.

DATED this 5th day of September, 2025.

BECKETT LAW FIRM

By: _____
KRISTIAN BECKETT
**A**ttorney and Co-Counsel for Plaintiff